UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| ADOBE LUMBER, INC., a California corporation,<br><br>      Plaintiff,<br><br>    v.<br><br>F. WARREN HELLMAN and WELLS FARGO BANK, N.A., as Trustees of Trust A created by the Estate of Marco Hellman, F. WARREN HELLMAN as Trustee of Trust B created by the Estate of Marco Hellman, THE ESTATE OF MARCO HELLMAN, deceased, WOODLAND SHOPPING CENTER, a limited partnership, JOSEPH MONTALVO, HAROLD TAECKER, GERALDINE TAECKER, HOYT CORPORATION, a Massachusetts corporation; PPG INDUSTRIES, INC., a Pennsylvania corporation, OCCIDENTAL CHEMICAL CORPORATION, a New York corporation, and CITY OF WOODLAND,<br><br>      Defendants. | CASE NO. CIV. S-05-1510 WBS PAN<br><br>ORDER |

----oo0oo----

On February 10, 2006, the court heard oral argument on plaintiff Adobe Lumber and defendants Harold and Geraldine

1

Taecker's motion to approve settlement and defendants'[1] motion to certify the court's January 3, 2006 order for interlocutory appeal.  The court granted defendants' motion for certification and orally extended the existing stay of discovery to a stay of all proceedings in this case.

        The motion to approve settlement is, however, still pending before this court.  The question certified for appeal, whether plaintiff has a claim against defendants for contribution under the Comprehensive Environmental Response, Compensation and Liability Act of 1980, 42 U.S.C. §§ 9601-9675 ("CERCLA"), may impact the proposed settlement.  The court will therefore make no determination on the motion to approve the settlement in abeyance while the appeal is pending.  Additionally, as a practical matter, this case should be administratively closed until the Ninth Circuit issues its opinion.  <u>Dees v. Billy</u>, 394 F.3d 1290, 1294 (9th Cir. 2005) ("[T]he 'effect of an administrative closure is no different from a simple stay, except that it affects the count of active cases pending on the court's docket; <u>i.e.</u>, administratively closed cases are not counted as active.'" (discussing and quoting <u>Mire v. Full Spectrum Lending Inc.</u>, 389 F.3d 163, 167 (5th Cir. 2004))).

        IT IS THEREFORE ORDERED that the settling parties' motion to approve settlement be, and the same hereby is, DENIED without prejudice to renewal at an appropriate future date.

        IT IS FURTHER ORDERED that all proceedings in this

---

[1] Defendants Joseph Montalvo, the Woodland Shopping Center, and the City of Woodland joined with the Trustees of the Hellman Estate in moving to certify the order for interlocutory appeal.

1  matter shall be STAYED and the file ADMINISTRATIVELY CLOSED
2  without prejudice to reopen by motion of either party upon
3  determination of the appealable issue by the Ninth Circuit.
4  DATED:  February 15, 2006

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE