Howard L. Pearlman, State Bar No. 124785
Glenn P. Zwang, State Bar No. 112295
Robert L. Wainess, State Bar No. 121137
Brian P. Villarreal, State Bar No. 234690
BARTKO, ZANKEL, TARRANT & MILLER
A Professional Corporation
900 Front Street, Suite 300
San Francisco, California 94111
Telephone: (415) 956-1900
Facsimile: (415) 956-1152

Attorneys for Plaintiff
ADOBE LUMBER, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| ADOBE LUMBER, INC., a California corporation,<br><br>           Plaintiff,<br><br>     v.<br><br>F. WARREN HELLMAN and WELLS FARGO BANK, N.A., as Trustees of Trust A created by the Estate of Marco Hellman; F. WARREN HELLMAN as Trustee of Trust B created by the Estate of Marco Hellman; THE ESTATE OF MARCO HELLMAN, DECEASED; WOODLAND SHOPPING CENTER, a limited partnership; JOSEPH MONTALVO, an individual; HAROLD TAECKER, an individual; GERALDINE TAECKER, an individual; HOYT CORPORATION, a Massachusetts corporation; PPG INDUSTRIES, INC., a Pennsylvania corporation; OCCIDENTAL CHEMICAL CORPORATION, a New York corporation; CITY OF WOODLAND; and ECHCO SALES & EQUIPMENT CO.,<br><br>           Defendants. | Case No. 2:05-CV-01510-WBS-PAN<br><br>**STIPULATION AND ORDER GRANTING PLAINTIFF LEAVE TO FILE A THIRD AMENDED COMPLAINT** |

-1-

1507.016/370300.4     STIPULATION AND [Proposed] ORDER GRANTING PLAINTIFF LEAVE TO FILE A
THIRD AMENDED COMPLAINT
No. 2:05-CV-01510-WBS-PAN

## **RECITALS**

A.     Plaintiff Adobe Lumber, Inc. ("Adobe") filed a Complaint in the above-captioned action on July 27, 2005 and a First Amended Complaint (the "FAC") on August 29, 2005.

B.     On January 3, 2006, the Court ruled on various Rule 12(b)(6) motions filed in response to the FAC in a "Memorandum and Order Re:  Motion To Dismiss" (the "Rule 12(b)(6) Order").

C.     The Rule 12(b)(6) Order denied defendants' motion to dismiss for failure to state a claim of contribution under CERCLA section 107(a); granted certain defendants' motions to dismiss the Ninth, Tenth and Eleventh Claims as time barred; and denied defendant Hoyt's motion to dismiss.  The Court gave Adobe 30 days to file an amended complaint.

D.     On February 3, 2006, upon stipulation of the parties, the Court entered an order granting Adobe leave to file a Second Amended Complaint (the "SAC") without prejudice to the rights of newly named defendant Echco Sales & Equipment Co. ("Echco") to assert any and all otherwise available defenses to the SAC.  Adobe filed the SAC on February 3, 2006.

E.     On February 14, 2006, the Court entered an order granting defendants' request to certify the CERCLA ruling in the Rule 12(b)(6) Order for interlocutory appeal under 28 U.S.C. §1292(b).

F.     On February 16, 2006, finding that the questions certified for appeal may impact a pending motion for approval of a settlement between Adobe and the Taeckers, the Court entered an Order denying that motion without prejudice to renewal at an appropriate future date, and ordering that all proceedings in the case be stayed and the file administratively closed without prejudice to reopen by motion of either party upon determination of the appealable issue by the Ninth Circuit.

G.     On April 17, 2008, the Ninth Circuit decided the appealed issue in *Kotrous v. Goss-Jewett Co. of Northern Cal.,* 523 F.3d 924 (9th Cir. 2008), holding that a potentially responsible party ("PRP") under CERCLA, such as Adobe, that incurs response costs voluntarily,

without having been subject to an action under §106 or §107 of CERCLA, may bring a suit for recovery of such costs under §107(a) of CERCLA. The Ninth Circuit remanded for further proceedings consistent with its opinion, stating that Adobe is "entitled to bring a claim for recovery of costs under §107(a)" and instructing that "[o]n remand, Adobe should be allowed to amend its complaint as needed." *Id.* at 934.

H. On May 14, 2008, the Ninth Circuit issued mandate pursuant to Federal Rules of Appellate Procedure, Rule 41(a), and by Minute Order entered on May 15, 2008, the Court set this matter for Status Conference on June 30, 2008.

I. By virtue of the stay order entered on February 16, 2006, defendants have not filed pleadings in response to the SAC, and Adobe has not served the SAC on Echco.

J. As authorized by the Ninth Circuit, Adobe has prepared a proposed Third Amended Complaint for Cleanup Order Under RCRA; Cost Recovery and Declaratory Relief Under CERCLA; Contribution and Indemnity Under the California Hazardous Substances Account Act; Nuisance; Trespass; Strict Product Liability; Negligence; and Negligence Per Se (the "TAC").

K. A copy of the TAC "red-lined" to show the proposed changes to the SAC is attached hereto as **Exhibit A**, and a clean copy of the TAC is attached hereto as **Exhibit B**.

L. The parties hereto, constituting all parties to this action except defendants Harold and Geraldine Taecker, consent to Adobe filing the TAC provided that defendants' rights to challenge and otherwise respond to the TAC or any part thereof, by motion, pleading or otherwise, are preserved.

**STIPULATION**

NOW, THEREFORE, in light of the foregoing recitals, the parties hereto, through their respective attorneys of record, hereby stipulate as follows, and jointly request that the Court enter an Order as follows:

1. Plaintiff Adobe Lumber, Inc. may file its Third Amended Complaint for Cleanup Order Under RCRA; Cost Recovery and Declaratory Relief Under CERCLA; Contribution and Indemnity Under the California Hazardous Substances Account Act; Nuisance;

-3-

1507.016/370300.4   STIPULATION AND [Proposed] ORDER GRANTING PLAINTIFF LEAVE TO FILE A THIRD AMENDED COMPLAINT
No. 2:05-CV-01510-WBS-PAN

1 Trespass; Strict Product Liability; Negligence; and Negligence Per Se ("TAC"), a copy of which is
2 attached hereto as Exhibit B; and
3   2. Service of the TAC shall be in accordance with the Federal Rules of Civil
4 Procedure and the Local Rules of Practice for the United States District Court, Eastern District of
5 California.
6   3. Defendants' rights to challenge or otherwise respond to the TAC or any part
7 thereof, by motion, pleading or otherwise, are preserved.
8   IT IS SO STIPULATED.

9 DATED: June __, 2008  BARTKO, ZANKEL, TARRANT & MILLER,
          A Professional Corporation

          By: /s/_____
            Howard L. Pearlman
          Attorneys for Plaintiff Adobe Lumber, Inc.

DATED: June __, 2008  LEWIS BRISBOIS BISGAARD & SMITH LLP

          By: _____
            Bruce L. Shaffer
          Attorneys for Defendants
         Harold Taecker and Geraldine Taecker

*(above signature block struck through)*

DATED: June __, 2008  JONES DAY

          By: /s/_____
            Thomas M. Donnelly
          Attorneys for Defendants
        Wells Fargo Bank and F. Warren Hellman, as Trustees

| | |
|---|---|
| DATED:  June __, 2008 | DOWNEY BRAND LLP |
| | By: /s/ _____ <br> Amilia Glikman <br> Attorneys for Defendants Woodland Shopping Center, a limited partnership, and Joseph Montalvo, as general partner of Woodland Shopping Center, a limited partnership, erroneously sued as an individual |
| DATED:  June __, 2008 | FOLEY, BARON & METZGER, PLLC |
| | By : /s/ _____ <br> Richard S. Baron <br> Attorneys for Defendant <br> Hoyt Corporation |
| DATED:  June __, 2008 | LEACH, MCGREEVY & LABRADOR, LLP |
| | By: /s/ _____ <br> Peter C. Labrador <br> Attorneys for Defendant <br> Hoyt Corporation |
| DATED:  June __, 2008 | BEVERIDGE & DIAMOND, P.C. |
| | By: /s/ _____ <br> Gary J. Smith <br> Attorneys for Defendant <br> PPG Industries, Inc. |
| DATED:  June __, 2008 | BARG COFFIN LEWIS & TRAPP, LLP |
| | By: /s/ _____ <br> R. Morgan Gilhuly <br> Attorneys for Defendant <br> Occidental Chemical Corporation |

-5-

DATED: June __, 2008        ANGELO, KILDAY & KILDUFF

By: /s/ _____
J. Scott Smith
Attorneys for Defendant City of Woodland

## **ORDER**

Having considered the foregoing Stipulation, and good cause appearing therefor,

IT IS SO ORDERED.

DATED: June 25, 2008

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

-6-

1507.016/370300.4    STIPULATION AND [Proposed] ORDER GRANTING PLAINTIFF LEAVE TO FILE A THIRD AMENDED COMPLAINT
No. 2:05-CV-01510-WBS-PAN