UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

ADOBE LUMBER, INC., a
California corporation,

        Plaintiff,

   v.

F. WARREN HELLMAN and WELLS
FARGO BANK, N.A., as Trustees
of Trust A created by the Estate
of Marco Hellman; F. WARREN
HELLMAN as Trustee of Trust B
created by the Estate of Marco
Hellman; THE ESTATE OF MARCO
HELLMAN, DECEASED; WOODLAND
SHOPPING CENTER, a limited
partnership; JOSEPH MONTALVO, an
individual; HAROLD TAECKER, an
individual; HOYT CORPORATION, a
Massachusetts corporation; PPG
INDUSTRIES, INC., a Pennsylvania
corporation; OCCIDENTAL CHEMICAL
CORPORATION, a New York
Corporation; CITY OF WOODLAND;
and ECHCO SALES & EQUIPMENT CO.,

        Defendants.
_____/

NO. CIV. S-05-1510 WBS PAN

ORDER RE: SECOND JOINT STATUS
CONFERENCE REPORT

----oo0oo----

        Plaintiff Adobe Lumber, Inc. filed its Complaint in this action on July 27, 2005--and a First Amended Complaint on August 29, 2005--after it discovered contamination on its

commercial property, alleging violations of the Resource Conservation and Recovery Act, 42 U.S.C. §§ 6901-6992k ("RCRA"), the Comprehensive Environmental Response, Compensation and Liability Act of 1980, 42 U.S.C. §§ 9601-9675 ("CERCLA"), and California state law.

On January 3, 2006, this Court granted in part and denied in part defendants' 12(b)(6) motion to dismiss plaintiff's First Amended Complaint, including declining to dismiss plaintiff's claim of contribution under section 107(a) of CERCLA. (Jan. 3, 2008 Order.)  On February 3, 2006, plaintiff filed a Second Amended Complaint pursuant to the parties' stipulation.  (Docket No. 76.)  On February 14, 2006, the court entered an order granting defendants' request to certify the January 3, 2006 CERCLA ruling for interlocutory appeal under 28 U.S.C. § 1292(b), (Feb. 14, 2006 Order.), and the court immediately thereafter stayed all proceedings in the case. (Feb. 16, 2006 Order.)

On April 17, 2008, the Ninth Circuit decided the appealed issue in <u>Kotrous v. Goss-Jewett Co. of Northern Cal.</u>, 523 F.3d 924 (9th Cir. 2008), noting that the precedent cited by this court in evaluating the CERCLA claim had subsequently been undermined by a recent United States Supreme Court holding.  <u>Id.</u> at 934 (citing <u>United States v. Atl. Research Corp.</u>, 127 S. Ct. 2331 (2007)).  The Ninth Circuit also determined that, in light of the Supreme Court decision, plaintiff "should be allowed to amend its complaint as needed" in order to align it with the current state of the law.  <u>Id.</u> at 934.  Pursuant to this authorization, plaintiff has prepared a proposed Third Amended

Complaint.

## I. SERVICE OF PROCESS

Plaintiff had previously served the Second Amended Complaint on all defendants except newly named defendant Echco Sales & Equipment Company. Plaintiff shall effect service upon any defendants heretofore unserved parties in accordance with Federal Rule of Civil Procedure 4(m). The failure to do so may result in the dismissal of the action as against the then-unserved defendants.

Any party intending to file counterclaims or cross claims must do in accordance with Federal Rules of Civil Procedure 4 and 13.

## II. JOINDER OF PARTIES/AMENDMENTS

Pursuant to Federal Rule of Civil Procedure 14(a), any defendant intending to file a third party complaint against Channel Lumber Co. or Rossi Development for their role as owners/lessors of the Woodland Center must do so within ten days of serving its answer to plaintiff's Third Amended Complaint.

As mentioned above, based upon the Ninth Circuit's decision in Kotrous, and in conformity with Federal Rule of Civil Procedure 15(a)(2), the Court shall permit the filing of the Third Amended Complaint within 30 days of the date of this order.[1]

## III. JURISDICTION/VENUE

Jurisdiction is predicated upon 28 U.S.C. § 1331

---

[1] All parties to the suit have stipulated to the filing of the Third Amended Complaint with the exception of defendants Harold and Geraldine Taecker.

1  (federal question), 42 U.S.C. §§ 9607 and 9613(b) (CERCLA), 42
2  U.S.C. § 6972(a) (RCRA), and 28 U.S.C. § 2201 (Declaratory
3  Judgments Act).  Venue is undisputed and is hereby found to be
4  proper.

        IV.   THIRD STATUS CONFERENCE

        The parties' joint request to further defer disclosures and discovery is granted.  Pursuant to the provisions of Federal Rule of Civil Procedure 16, it is hereby ordered that a Status (pretrial scheduling) Conference is set for October 6, 2008 at 2:00 p.m. before the undersigned judge in Courtroom No. 5.  At least 21 calendar days before the scheduling conference is held, the parties shall confer and develop a proposed discovery plan, as required by Federal Rule of Civil Procedure 26(f).

        Prior to the Status Conference, the parties must comply with the requirements described in the Court's Order Setting Status (pretrial scheduling) Conference filed on July 27, 2005.

        IT IS SO ORDERED.

DATED:  June 27, 2008

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE